**The STATE of Utah, Plaintiff and Respondent,**

v.

**James HILL and Larry Hill, Defendants and Appellants.**

**No. 20978.**

Supreme Court of Utah.

Oct. 22, 1986.

Harrison R. Winston, Roseburg, Idaho, Steven R. Bailey, Ogden, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

A jury convicted defendant James Hill of burglary and second degree theft. His son Larry Hill was convicted of second degree theft. They argue on appeal that the evidence was insufficient to support their convictions. We reverse.

James Hill, the owner of an Oregon antique store, came to Utah to see relatives in June 1984. While on that visit, on June 29, James and his son Larry, along with some young nieces and nephews, entered the Mount Pleasant Antique Shop, which James had visited occasionally before this incident. While Larry chaperoned the children, Sue Sego, a co-owner of the shop, showed James several items in which he was interested. James signed his name and address in the store's register book, then left without making a purchase. Ms. Sego locked up for the evening immediately afterward. When she returned the next morning, she found that a number of items had been stolen during the night, including some in which James had shown an interest. James and Larry returned to Oregon that same morning.

Several days later, Jim Haynall, an Oregon police officer, at the request of the Mount Pleasant (Utah) Police Department, investigated and found in James Hill's van a rocking chair from the Utah store. After obtaining a search warrant, Officer Haynall searched defendants' homes and found three used captain's chairs that had also been taken from the store in the burglary. James produced a bill of sale to explain his possession of the chairs. James and Larry were subsequently arrested and charged with burglary and theft.

Defendants were tried on April 8 and 9, 1985. John Christensen, the investigating officer, read into evidence the transcript of a taped interview he had conducted with a Mr. Bruce Black, who stated that a person named Dave Hall had committed the burglary. Mr. Black said that Mr. Hall had brought the stolen items to the Black home after the burglary and then took some chairs to the home where defendants were staying. Mr. Black testified that Mr. Hall kept the bulk of the property for himself. Testimony of Ms. Sego placed the total value of the stolen items at $1,871. Expert testimony placed the value of the furniture found in defendants' possession at between $255 and $310.

■ Defendants claim that the evidence was insufficient to support their convictions. It is fundamental that the State carries the burden of proving beyond a reasonable doubt each element of an offense, including the absence of an affirmative defense once the defense is put into issue. *State v. Starks*, 627 P.2d 88, 92 (Utah 1981); *State v. Torres*, 619 P.2d 694, 695 (Utah 1980). While it is not the function of this Court to substitute its judgment for that of the jury, we will reverse a conviction if the evidence is so insubstantial or inconclusive that reasonable minds must necessarily entertain a reasonable doubt as to a defendant's guilt. *State v. Dyer*, 671 P.2d 142, 148–49 (Utah 1983); *State v. Romero*, 554 P.2d 216, 219 (Utah 1976). Where the only evidence presented against the defendant is circumstantial, the evidence supporting a conviction must preclude every reasonable hypothesis of innocence. *State v. Romero*, 554 P.2d at 219. This is because the existence of a reasonable hypothesis of innocence necessarily raises a reasonable doubt as to the defendant's guilt.

■ The State presented no direct evidence that James either committed the burglary personally or solicited another to commit the burglary. In the interview between Officer Christensen and Bruce Black, Mr. Black said that Dave Hall decided to commit the burglary when he heard from James Hill's brother Dave that James was interested in some items in the antique store. There was no evidence that James solicited or encouraged Hall to commit the burglary or even knew that he was planning it. The evidence supports a hypothesis that Hall committed the burglary without the assistance, encouragement, or knowledge of James Hill. The existence of this hypothesis necessarily raises a reasonable doubt as to Hill's guilt. Therefore, the evidence is insufficient to support Hill's burglary conviction.

Since Larry Hill was acquitted of the offense of burglary, defendants' theft convictions could only be based on theft by receiving stolen goods. Theft is a second

degree felony if the value of the stolen property exceeds $1,000 and a third degree felony if the value exceeds $250. The conversation between Officer Christensen and Mr. Black indicated that defendants acquired only the recovered chairs. Since the evidence was that defendants acquired no more than $310 in stolen property, they could not be found guilty of second degree theft in any case.

■ In order to obtain a conviction for theft by receiving, the State must prove beyond a reasonable doubt each of the following elements: (1) the defendant received, retained, or disposed of the property of another, (2) knowing that the property had been stolen or believing that it probably had been stolen, (3) with the purpose to deprive the owner thereof. U.C.A., 1953, § 76–6–408, as amended. The fact that the stolen chairs were recovered from defendants' possession was sufficient to prove the first element, that defendants received the stolen goods. Although this fact is evidence to be weighed in considering the other elements of theft, testimony given by Officers Haynall and Christensen showed that defendants explained that James had purchased the chairs in good faith, obtaining what he thought to be a valid bill of sale, and that they lacked any knowledge or belief that the chairs in their possession were stolen. This explanation, if true, would negate the required second element of knowledge, as well as the third element, specific intent. The State, therefore, had the burden of disproving this explanation beyond a reasonable doubt.

The only "direct" evidence pertaining to defendants' knowledge came from the testimony of Ms. Sego. She, however, did not know whether Larry Hill saw *any* of the stolen property while he was in the store. While she stated that James saw the rocking chair, she also stated that he expressed no interest in the chair and she did not know whether James could later identify the rocking chair by sight. She did not testify that either defendant was aware of the existence of the other chairs later found in their possession. Further, none of the items she testified James was interested in were found in the possession of either defendant. The testimony of Officers Christensen and Haynall tended to support a hypothesis that James did not receive the items in which he had shown an interest while he was in the store. Ms. Sego's testimony that James had visited the store and had dealt with her before and that he had signed his name and address in the store's register book, simplifying his future location and identification, also cast doubt on defendants' guilt. We hold that the evidence, taken as a whole, was insufficient to prove beyond a reasonable doubt that defendants knew or had reason to believe the chairs were in fact stolen. Because the State failed to prove this necessary element of the crime of theft, defendants' convictions must be reversed.

STEWART, J., concurs.

ZIMMERMAN, Justice (concurring in the result):

I agree with the Chief Justice that the evidence here, although marginal, is legally sufficient to support defendants' convictions. However, I agree with the majority that those convictions should be reversed, but on an entirely different ground, because jury instruction no. 14 contained an unconstitutional presumption. In my view, defendants could be retried and again convicted on the evidence adduced below.

At trial, the court gave instruction no. 14. It included the following statement:

I instruct you that in regards to the Count of Theft that there is a presumption that possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

On appeal, the State concedes that this mandatory presumption language was constitutionally improper under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 83 L.Ed.2d 344 (1985), because it impermissi-

bly shifts the burden of proof to the defendant. *See State v. Chambers,* 709 P.2d 321, 325–27 (Utah 1985). However, it argues that we should not reach the issue because defense counsel did not raise this objection at trial. In response, defendants contend that under the plain error doctrine, we should consider the question because the error is of constitutional magnitude.

I would reach the issue. This Court always has the discretion to consider claims raised for the first time on appeal where the error is "plain [and affects] substantial rights...." Utah R.Evid. 103. Normally, I would hesitate to exercise this discretion to relieve counsel's failure to raise a proper objection since the trial judge is entitled to the first opportunity to address a claim of error. However, here the instruction is clearly unconstitutional under *Franklin.* And, given the extremely thin evidentiary case presented by the prosecution, it seems very likely that the instruction had a direct and substantial impact on the outcome of the trial. Accordingly, I would hold that the trial court erred in giving instruction no. 14 and would reverse the convictions.

HALL, Chief Justice (dissenting):

I do not join the Court in overturning the jury verdict.

When faced with a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the jury verdict,[1] and it is not our prerogative to intercede unless the evidence is so lacking and insubstantial that the jury could not possibly have reached a verdict of guilt beyond a reasonable doubt.[2] Also, it is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses, and this Court may not substitute its judgment for that of the jury.[3] "So long as there is some evidence, includ-ing reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops."[4]

Applying the foregoing standards, the evidence is sufficient to support defendant James Hill's convictions of burglary and second degree felony theft. The jury could reasonably have concluded that he was guilty of those crimes by reason of the following facts: he was present in the antique shop the evening before the crimes were committed, at which time he examined many of the items that were stolen; he hurriedly left for Oregon the morning after the offenses were committed; he unsatisfactorily explained his possession of one of the stolen items; and he was implicated in the crimes by the testimony of Bruce Black. The jury could have reasonably concluded that he either directly committed the offenses or that he solicited, requested, commanded, encouraged, or intentionally aided another in the commission of the offenses.[5] Circumstantial evidence alone is sufficient to establish guilt,[6] and it was for the jury to decide whether his explanation of his possession of the stolen property was satisfactory or unsatisfactory.

Furthermore, the jury could also have reasonably determined that defendant James Hill committed theft of all of the property missing from the antique shop, thereby making him guilty of second degree felony theft. The uncontroverted testimony of the owner of the property was that it was worth $1,871. Simply because not all of the property was found in defendant's possession does not prohibit the conclusion that he stole all of it.[7]

Likewise, there was sufficient evidence to support defendant Larry Hill's convic-

1. *State v. McCardell,* 652 P.2d 942, 945 (Utah 1982).

2. *Id.*

3. *State v. Lamm,* 606 P.2d 229, 231 (Utah 1980).

4. *State v. Booker,* 709 P.2d 342, 345 (Utah 1985).

5. U.C.A., 1953, § 76–2–202 (Repl.Vol. 8B, 1978 ed.).

6. *State v. Clayton,* 646 P.2d 723, 724–25 (Utah 1982).

7. *State v. Pacheco,* 13 Utah 2d 148, 150, 369 P.2d 494, 495 (1962).

tion of second degree felony theft. The jury could have reasonably concluded guilt by reason of his presence at the antique store with his father the evening before the burglary and theft; his comment to a gas station attendant the morning after the crimes were committed that he and his father were in a hurry to return to Oregon, traveling in a van with the windows covered; his unsatisfactory explanation concerning his possession of items stolen; and the testimony of Bruce Black that connected him and his father to the crimes.

I would affirm the conviction and judgment of the trial court.

HOWE, J., concurs in the dissenting opinion of HALL, C.J.