1999 UT App 220

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robyn R. PEARSON, Defendant and Appellant.**

No. 981112–CA.

Court of Appeals of Utah.

July 1, 1999.

---

Kenneth R. Brown, Brown, Bradshaw, Anderson & Moffat, Salt Lake City, for Appellant.

Dexter L. Anderson, Millard County Deputy Attorney's Office, Fillmore, for Appellee.

Before GREENWOOD, Associate C.J., and DAVIS, and JACKSON, JJ.

## OPINION

DAVIS, Judge:

¶ 1. Defendant Robyn R. Pearson appeals the jury verdict convicting him of failure to disclose transaction to government employer, a class A misdemeanor in violation of Utah Code Ann. § 17–16a–5 (1995), and theft of services, a class B misdemeanor in violation of Utah Code Ann. § 76–6–409 (1995). We reverse in part and affirm in part.

## FACTS

¶ 2. We generally recite the facts in accordance with the jury verdict. *See State v. Basta,* 966 P.2d 260, 261 (Utah Ct.App.1998).

¶ 3. Defendant was employed by Millard County as the Millard County Administrator (Administrator) for many years. Part of his responsibilities as Administrator was to oversee the county's waste management system. In 1990, the State of Utah passed a bill that anticipated creating a state-wide waste management system. Each county within the state was to devise a twenty-year waste management plan and submit it to the state.

The state would then develop a state-wide plan based on the proposed county plans. The state provided $400,000, to be divided among the counties, to fund the cost of generating the waste management plan. Millard County received approximately $12,000.

¶ 4. Millard County subsequently contracted with an outside consulting firm, Stansbury Design Associates (Stansbury Design), to prepare its waste management plan. In turn, Stansbury Design hired defendant as a private subcontractor to perform some of the duties necessary to complete the plan. Stansbury Design paid defendant approximately half of the $12,000 allotted to Millard County by the state.

¶ 5. The Millard County Commissioners were aware of and approved the arrangement between defendant and Stansbury Design. The only condition was that defendant complete his tasks for Stansbury Design on his own time. However, defendant apparently used county resources to work on the plan; defendant had the county secretaries type letters on county time, he used county supplies, the county's fax machine, and he used his position as Administrator to gather information for the plan. Defendant also directed the county to pay an invoice for services rendered on behalf of the plan. The total value of the unauthorized Millard County resources amounted to less than $100.

¶ 6. Defendant was charged with one count of abuse of official position, a second degree felony in violation of Utah Code Ann. § 67–16–5 (1996), failure to disclose transaction to government employer, a class A misdemeanor in violation of Utah Code Ann. § 17–16a–5 (1995), and theft of services, a class B misdemeanor in violation of Utah Code Ann. § 76–6–409 (1995). A trial was held before a jury, which acquitted defendant of the charge of abuse of his official position, and convicted him of the other two counts. Defendant appeals.

## ISSUES AND STANDARD OF REVIEW

[1] ¶ 7. Defendant argues the trial court erred in instructing the jury regarding the mens rea requirement of section 17–16a–5 because the instruction did not provide that the State was required to prove that defendant knowingly and intentionally failed to file the necessary sworn statement with the county legislative body.[1] *See* Utah Code Ann. § 17–16a–5 (1995). "The standard of review for jury instructions to which counsel has objected is correctness." *State v. Bryant,* 965 P.2d 539, 544 (Utah Ct.App. 1998).

 ¶ 8. Defendant also contends there was insufficient evidence to convict him of both the charge of failure to disclose transaction to government employer and the theft of services charge. Regarding the theft of services charge, we review

the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the jury's verdict and reverse[ ] only if that evidence is so " 'inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he … was convicted.' "

*State v. Souza,* 846 P.2d 1313, 1322 (Utah Ct.App.1993) (quoting *State v. Scheel,* 823 P.2d 470, 472 (Utah Ct.App.1991) (citations omitted)); *accord State v. Longshaw,* 961 P.2d 925, 931 (Utah Ct.App.1998).

## ANALYSIS

### Failure to Disclose

 ¶ 9. Section 17–16a–5 provides:

(1) No elected or appointed officer may receive or agree to receive compensation for assisting any person or business entity in any transaction involving the county in which he is an officer unless he files with the county legislative body a sworn statement giving the information required by this section, and discloses in open meeting to the members of the body of which he is a member, immediately prior to the discussion, the information required by Subsection (3).

---

1. Both testimonial and documentary evidence show that defendant's proposed involvement in the project was appropriately disclosed to and approved by the county commission. Accordingly, we will refer herein only to the failure to file a sworn statement portion of the charge.

(2) The statement required to be filed by this section shall be filed ten days prior to the date of any agreement between the elected or appointed officer and the person or business entity being assisted or ten days prior to the receipt of compensation by the business entity. The statement is public information and is available for examination by the public.

(3) The statement and disclosure shall contain the following information:

(a) the name and address of the officer;

(b) the name and address of the person or business entity being or to be assisted, or in which the appointed or elected official has a substantial interest; and

(c) a brief description of the transaction as to which service is rendered or is to be rendered and of the nature of the service performed or to be performed.

Utah Code Ann. § 17–16a–5 (1995).

¶ 10. The mens rea requirement of section 17–16a–5 is set out in section 17–16a–10: "In addition to any penalty contained in any other provision of law, any person who knowingly and intentionally violates this part is guilty of a class A misdemeanor and shall be dismissed from employment or removed from office." Utah Code Ann. § 17–16a–10 (1995). Defendant maintains the State was required to prove that he knowingly and intentionally entered into the contract *and* knowingly and intentionally failed to file the necessary sworn statement. We agree.

¶ 11. Instruction number seven, which set out *the elements of the failure to disclose transaction to government employer charge*, provides, in pertinent part:

(1) That the defendant . . .

(2) in Millard County, state of Utah,

(3) on or about June 1992,

(4) did knowingly and intentionally receive or agree to receive compensation for assisting . . . Stansbury Design Associates, in a transaction, to wit: preparation of a solid waste management plan involving Millard County,

(5) without filing a sworn statement giving the information required by Utah Code Annotated § 17–16a–5(2–3), and without disclosing the same to the Millard County Commission in open meeting.

¶ 12. Defendant asserts the instruction failed to properly instruct the jury regarding the applicable mens rea. An instruction that generally sets out the required mens rea for the elements of an offense is permissible. Here, however, although setting out the elements of the offense, the instruction clearly requires the statutory mens rea only for the element of entering into a contract for which a party receives compensation. It does not include any mens rea for failing to file a sworn statement. By selectively applying the mens rea to some, but not all, of the elements of the offense, the jury could easily have believed defendant was strictly liable for failing to file the disclosure statement. The State must prove every element of a crime to convict an accused defendant, *see* Utah Code Ann. § 76–1–501(1) (1995); *cf. State v. Stringham,* 957 P.2d 602, 608 (Utah Ct.App.1998), and jury instruction number seven did not fairly instruct the jury on the mens rea requirement for the charged offense. " '[B]ecause " '[t]he general rule is that an accurate instruction upon the basic elements of an offense is essential,' " failure to provide such an instruction is reversible error that can never be considered harmless.' " *Stringham,* 957 P.2d at 608 (quoting *Souza,* 846 P.2d at 1320 (citations omitted)).

¶ 13. We must next determine whether there was sufficient evidence to show that defendant knowingly and intentionally failed to file the necessary disclosure statement, even if the instruction had properly instructed the jury on the necessary mens rea. Generally, " 'the function of a reviewing court is limited to insuring that there is sufficient competent evidence as to each element of the charge to enable a jury to find, beyond a reasonable doubt, that the defendant committed the crime.' " *State v. James,* 819 P.2d 781, 784 (Utah 1991) (quoting *State v. Warden,* 813 P.2d 1146, 1150 (Utah 1991)). Because of the erroneous instruction, there is no way of knowing whether the jury found that defendant knowingly and intentionally failed to file the disclosure statement. Thus,

in reviewing the sufficiency of the evidence on this element, we grant no deference to the jury's verdict and address the issue as a matter of law. *Cf. Cottam v. Heppner,* 777 P.2d 468, 471 (Utah 1989); *State v. Salas,* 820 P.2d 1386, 1387 (Utah Ct.App.1991).

¶ 14. The State argues the jury could have inferred that defendant knowingly and intentionally failed to file the disclosure statement from the following evidence: (1) defendant was the Millard County Administrator for years; (2) defendant was told that his arrangement with Stansbury Design did not create a conflict as long as he complied with state laws; and (3) defendant disclosed the matter to the county commission as early as November 19, 1991. We disagree. To the contrary, this evidence demonstrates that had defendant actually known about the requirements of section 17–16a–5, it is inconceivable that he would not have performed the then purely ministerial act of disclosing in writing what had already been disclosed. If defendant had intended to deceive the county commission, he surely would not have discussed the matter with them at all. After a careful review of the record, we are unable to find any sufficient competent evidence supporting a knowing and intentional violation of the disclosure element of section 17–16a–5. *See James,* 819 P.2d at 784. Accordingly, we reverse defendant's conviction on the charge of failure to disclose transaction to government employer.

### Theft of Services

¶ 15. Defendant also argues there was insufficient evidence to convict him of the offense of theft of services. On this charge, defendant does not contest the propriety of the instruction; thus, "[b]ecause we owe 'broad deference to the fact finder, [our] power to review a jury verdict challenged on grounds of insufficient evidence is limited.'" *Longshaw,* 961 P.2d at 931 (quoting *Souza,* 846 P.2d at 1322). Furthermore, "[a] jury is entitled to use its own judgment on what evidence to believe and may draw reasonable inferences from that evidence." *State v. Cayer,* 814 P.2d 604, 612 (Utah Ct.App.1991).

¶ 16. "A person commits theft if, having control over the disposition of services of another, to which he knows he is not entitled, he diverts the services to his own benefit...." Utah Code Ann. § 76–6–409(2) (1995). Based on the evidence, the jury could have concluded, beyond a reasonable doubt, that there was enough evidence to satisfy the requisite elements of theft of services. Defendant had entered into a private contract for which he was compensated over and above his salary as Administrator. The county commissioners told him to complete the work on his own time. The county resources used by defendant were arguably for portions of the waste management plan he had privately contracted to perform. Because the jury is "'entitled to judge the testimony in the light of their experience in the every-day affairs of life,'" *Bryant,* 965 P.2d at 545 (emphasis omitted) (quoting *Holland v. Brown,* 15 Utah 2d 422, 394 P.2d 77, 79 (1964)), they were not imprudent in concluding that defendant knew he should not have been using county resources for items that were defendant's personal duty to complete under the private contract.

### CONCLUSION

¶ 17. The jury instruction on the failure to disclose charge did not properly instruct the jury regarding the mens rea. Even if it had, however, there was insufficient competent evidence to show beyond a reasonable doubt that defendant knowingly and intentionally failed to file the required disclosure form. Accordingly, we reverse defendant's conviction for failure to disclose transaction to government employer charge.

¶ 18. We do not disturb the jury's verdict finding defendant guilty of theft of services. There was sufficient evidence for a jury to find that defendant had diverted county resources for his own benefit that he knew he was not entitled to and over which he had control.

¶ 19. WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, NORMAN H. JACKSON, Judge.