2005 UT App 98

**STATE of Utah, Plaintiff and Appellee,**

v.

**Paul Harry PEDERSEN, Defendant and Appellant.**

**No. 20030879–CA.**

Court of Appeals of Utah.

March 3, 2005.

Patrick V. Lindsay, Aldrich Nelson Weight & Esplin, Provo, for Appellant.

Mark L. Shurtleff, Attorney General and Joanne C. Slotnik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 Paul Harry Pedersen (Defendant) appeals his conviction of theft by receiving stolen property. *See* Utah Code Ann. § 76–6–408 (2003).[1] We affirm.

 ¶ 2 Defendant does not dispute that the trial court properly instructed the jury regarding the mental states necessary to convict him of the crime charged—knowing and intentional. Instead, Defendant posits, without authority, the fundamentally illogical argument that the trial court committed reversible error when it refused to give his requested jury instruction regarding the less culpable mens reas of criminal negligence and recklessness, which are not elements of the charged offense or any lesser included offense.

¶ 3 "We review the trial court's failure to give requested jury instructions for correctness, granting the trial court no particular deference in its determination." *State v. Stringham*, 2001 UT App 13,¶ 17, 17 P.3d 1153 (quotations and citation omitted). Moreover, "[f]ailure to give requested jury instructions constitutes reversible error only if their omission tends to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advises the jury on the law." *Id.* (quotations and citation omitted).

 ¶ 4 "[T]he general rule is that an accurate instruction upon the basic elements of an offense is essential...." *State v. Pearson*, 1999 UT App 220,¶ 12, 985 P.2d 919 (quotations and citation omitted); *see also* Utah Code Ann. § 76–1–501(1) (2003) ("A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt."). "[F]ailure to provide such an instruction is reversible error that can never be considered harmless." *Pearson*, 1999 UT App 220 at ¶ 12, 985 P.2d 919 (quotations and citation omitted). "An instruction that generally sets out the required mens rea for the elements of an of-

fense is permissible." *Id.; see also American Fork v. Carr*, 970 P.2d 717, 720 (Utah Ct.App.1998) ("When instructing the jury on the elements of the offense, the trial court must specifically instruct the jury regarding the culpable mental state required to commit the crime." (quotations and citation omitted)). A trial court need not give jury instructions regarding elements unnecessary for the conviction of the charged crime. *See State v. Blea*, 20 Utah 2d 133, 434 P.2d 446, 449 (1967) (concluding that the trial court properly instructed the jury because the court omitted only information unnecessary for a conviction of the offense charged).

¶ 5 We conclude that the trial court did not err in refusing Defendant's proposed mens rea instruction because criminal negligence and recklessness are not mental states necessary for Defendant's conviction of theft by receiving stolen property.

¶ 6 Affirmed.

¶ 7 WE CONCUR: GREGORY K. ORME, Judge and WILLIAM A. THORNE JR., Judge.

---

1. For convenience, we cite to the 2003 version of the statute, which is identical to the version in effect when Defendant was charged.