FILED
United States Court of Appeals
Tenth Circuit

September 11, 2020

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

SANTOS GAMBOA CHAVIRA,
a/k/a Santos Gamboa,

     Petitioner,

v.

WILLIAM P. BARR,
United States Attorney General,

    Respondent.

No. 19-9556
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

    Santos Gamboa Chavira petitions for review of a decision by the Board of

Immigration Appeals ("BIA") that his Utah convictions for theft by receiving stolen

property qualify as "aggravated felonies" under the Immigration and Nationality Act

("INA"). Exercising jurisdiction under 8 U.S.C. § 1252(a)(1) and (a)(2)(D), we deny

the petition for review.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

## I.    Legal Background

An alien who commits an "aggravated felony" is removable under the INA. 8 U.S.C. § 1227(a)(2)(A)(iii).  "When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA."  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).  "Under this approach we look . . . to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."  *Id.* (internal quotation marks omitted).  "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense."  *Id.* (alterations and internal quotation marks omitted).  "[W]e must presume that the conviction rested on nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* at 190-91 (brackets and internal quotation marks omitted).

But the focus on minimum conduct "requires more than the application of legal imagination to a state statute's language.  It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).  Thus, although the facts of a particular case generally are irrelevant to a categorical analysis, *see Moncrieffe*, 569 U.S. at 190, to meet the "realistic

probability" standard, a petitioner "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues," *Duenas-Alvarez*, 549 U.S. at 193.

## II.     Factual and Procedural Background

Mr. Gamboa is a native and citizen of Mexico who had been a lawful permanent resident of the United States since 1975.  In 2011, he was living in his van in the Squaw Peak area of Provo Canyon, Utah.  A United States Forest Service officer saw him sleeping in the vehicle.  Observing numerous prescription bottles in the van, the officer decided to check on Mr. Gamboa.  While waking him up, the officer saw marijuana cigarettes, leading to a probable cause search of the vehicle.  That search turned up two firearms that had been stolen in California.

In 2014, Mr. Gamboa pleaded guilty in Utah state court to two counts of theft by receiving stolen property in violation of Utah Code Ann. § 76-6-408 (2014).[1]  He was sentenced to 365 days in jail on each count, to run concurrently.  The

---

[1] In relevant part, the version of § 76-6-408 in effect when Mr. Gamboa pleaded guilty provides:

> A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds or aids in concealing, selling, or withholding the property from the owner, knowing the property to be stolen, intending to deprive the owner of it.

Utah Code Ann. § 76-6-408(1) (2014).  In 2019, Utah amended the statute, moving the offense elements to subsection (2) and updating certain language, but the amendments do not affect the issue before us.

3

government initiated removal proceedings, alleging the convictions qualified Mr. Gamboa for removal under § 1227(a)(2)(A)(iii) because the definition of "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G) (footnote omitted).

The BIA has held "that the mens rea of 'knowledge or belief' is an essential element of an aggravated felony receipt of stolen property offense under [§ 1101(a)(43)(G)], and this element excludes a mens rea equivalent to a 'reason to believe.'" *In re Deang*, 27 I. & N. Dec. 57, 63 (BIA 2017). Mr. Gamboa filed a motion to terminate, asserting that § 76-6-408's mens rea requirement does not categorically match that of § 1101(a)(43)(G). Although the plain language of § 76-6-408(1) requires that a person acts "knowing that the property is stolen, or believing that the property is probably stolen," he argued that the Utah courts have allowed convictions where a defendant had only "reason to believe" the property is stolen. He therefore asserted that § 76-6-408 is overbroad in relation to § 1101(a)(43)(G). *See Deang*, 27 I. & N. Dec. at 64 (holding that a South Dakota offense that merely required a "reason to believe" a vehicle is stolen categorically did not match § 1101(a)(43)(G)). The immigration judge (IJ) rejected Mr. Gamboa's argument, denied the motion to terminate, and ordered his removal to Mexico.

On appeal, the BIA agreed with the IJ. Applying the categorical approach, it noted that the statute's language tracked the "knowledge or belief" elements of the generic offense, and that the Utah Court of Appeals has held that the mens rea

4

element does not encompass less culpable mental states, *see State v. Pedersen*, 110 P.3d 164, 165 (Utah Ct. App. 2005) (holding that a trial court did not err in refusing to instruct the jury on criminal negligence and recklessness as elements of theft by receiving). Further, examining the cases Mr. Gamboa cited, the BIA held that he had failed to show a realistic probability that Utah allows § 76-6-408 convictions for mental states less culpable than "knowledge or belief." The BIA therefore dismissed Mr. Gamboa's appeal.

**DISCUSSION**

The question for review is whether the mens rea requirement of § 76-6-408 categorically matches the mens rea requirement of § 1101(a)(43)(G), making the § 76-6-408 convictions "aggravated felonies" subjecting Mr. Gamboa to removal. We review the BIA's decision on this issue de novo. *Bedolla-Zarate v. Sessions*, 892 F.3d 1137, 1139 (10th Cir. 2018).

As stated above, § 1101(a)(43)(G) "excludes a mens rea equivalent to a 'reason to believe.'" *Deang*, 27 I. & N. Dec. at 63. Mr. Gamboa concedes that on its face, § 76-6-408 requires that a defendant have knowledge or belief that the property is stolen. *See* Utah Code Ann. § 76-6-408(1) (2014); *see also id.* § 76-6-408(2) (2020). Nevertheless, he contends that there is a realistic probability that Utah state courts would allow a § 76-6-408 conviction even if the defendant had only "reason to believe" the property is stolen. To support his argument that § 76-6-408 is overbroad as to mens rea, he points to three Utah cases—*State v. Hill*, 727 P.2d 221 (Utah 1986), *State v. Whitbeck*, 427 P.3d 381 (Utah Ct. App. 2018), and *State v.*

5

*Gibson*, 405 P.3d 716 (Utah Ct. App. 2017)—and the facts of his own conviction. Upon close examination, however, these authorities fail to establish a realistic probability that Utah courts allow convictions under § 76-6-408 based on a mens rea less culpable than "knowledge or belief."

In *Hill*, the Utah Supreme Court reversed the defendants' § 76-6-408 convictions for insufficient evidence. 727 P.2d at 223. In summarizing its conclusion, the court stated that it found the evidence "insufficient to prove beyond a reasonable doubt that defendants knew or had reason to believe the [property was] in fact stolen." *Id.* Earlier in the decision, however, the court had set forth the elements of theft by receiving stolen property: "(1) the defendant received, retained, or disposed of the property of another, (2) knowing that the property had been stolen or believing that it probably had been stolen, (3) with the purpose to deprive the owner thereof." *Id.* With the court having explicitly recognized the statutory "knowledge or belief" standard, it appears that the concluding sentence merely reflects imprecise drafting. We have found no Utah case citing *Hill* for the proposition that a mens rea of "reason to believe" satisfies the mens rea element of § 76-6-408. As such, we cannot conclude that this stray remark establishes a realistic probability of conviction under § 76-6-408 based on a "reason to believe" that property was stolen.

In *Whitbeck*, the Utah Court of Appeals considered the trial court's admission of evidence. 427 P.3d at 383. In arguing for admission, the State had urged that certain evidence tended to show the defendant "knew or should have known" the property was stolen. *Id.* at 384 (internal quotation marks omitted). This recitation,

6

however, merely reflects counsel's argument, not the court's view of Utah law. The court observed that the State was required to prove the defendant "knew or believed" the property had been stolen, *id.* at 387, and it ultimately found the State presented substantial evidence that the defendant "would have known or believed" the property was stolen, *id.* at 391. Accordingly, *Whitbeck* fails to establish that § 76-6-408 allows a conviction on less than "knowledge or belief."

Mr. Gamboa's third case is *Gibson*, where the defendant pleaded guilty to one count of violating § 76-6-408 by receiving stolen copper wire and fittings, which he then sold. 405 P.3d at 718. The Utah Court of Appeals noted that he pleaded guilty based on certain facts, including that he "had reason to believe the items . . . had been stolen." *Id.* (internal quotation marks omitted); *see also id.* at 720 ("In pleading guilty to theft by receiving stolen property, Gibson admitted only that he sold several pieces of copper wiring and fittings to a scrap dealer while having reason to believe the items had been stolen."). We are not persuaded, however, that these statements establish that the court upheld a conviction based on a mens rea of "reason to believe." First, the court explicitly recognized the statutory standard that "[t]heft by receiving stolen property occurs when a person 'receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen." *Id.* (quoting § 76-6-408(1)). Second, the court noted that in his plea agreement, the defendant admitted the element that he acted "while knowing or believing the property was stolen." *Id.* at 718. And third, the issue before the court was not whether the plea satisfied the mens rea element; instead, the case involved

7

whether the trial court's award of restitution was appropriate. *See id.* The court therefore had no reason to describe the mens rea element with any precision or examine the defendant's mens rea beyond determining whether he admitted participation in the initial theft, *see id.* at 720. In contrast, in cases explicitly addressing the mens rea requirements of § 76-6-408, Utah courts have applied the "knowledge or belief" standard. *See State v. Samples*, 272 P.3d 788, 790-91 (Utah Ct. App. 2012); *Pedersen*, 110 P.3d at 165; *State v. Davis*, 965 P.2d 525, 535-36 (Utah Ct. App. 1998); *State v. Gabaldon*, 735 P.2d 410, 412 (Utah Ct. App. 1987). Accordingly, we conclude that *Gibson* did not expand § 76-6-408's mens rea requirement.

Mr. Gamboa also points to the circumstances of his own conviction, noting that the record fails to set forth any facts establishing that he either knew or believed the two guns were stolen. But the information mirrored the language of the statute and charged Mr. Gamboa with "knowing that the property had been stolen, or believing that it probably had been stolen." Admin. R. at 134-35. And the "Statement of Defendant in Support of Guilty Plea" that Mr. Gamboa signed specifically acknowledged that an element of a § 76-6-408 conviction is that the defendant acted "knowing that the property had been stolen, or believing that it probably had been stolen." *Id.* at 138. Under Utah law, by pleading guilty, Mr. Gamboa is deemed to have admitted all the elements of the crime. *See State v. Parsons*, 781 P.2d 1275, 1278 (Utah 1989). We therefore cannot conclude that the

8

court allowed Mr. Gamboa to be convicted on a mens rea less than the statutory "knowledge or belief" standard.

For these reasons, we are not persuaded that there is a realistic probability that Utah would apply § 76-6-408's mens rea requirement to cover conduct less culpable than "knowledge or belief." The BIA did not err in concluding that the mens rea requirement of § 76-6-408 categorically matches the mens rea requirement of § 1101(a)(43)(G) and that a conviction under § 76-6-408 therefore qualifies as an "aggravated felony" for purposes of § 1227(a)(2)(A)(iii).

## CONCLUSION

The petition for review is denied. The motion to proceed without prepayment of costs and fees is granted.

Entered for the Court


Allison H. Eid
Circuit Judge