PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1846
_____

OMAR NORVIL WHYLIE LEWIN,
AKA Omar Lewin,
AKA Omar N. Lewin,
AKA Lewin Omard,
AKA Lewin N. Oman,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF
AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A041-353-654)
Immigration Judge: Hon. Mirlande Tadal
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2018

Before:   JORDAN, ROTH, *Circuit Judges* and MARIANI[*],
*District Judge.*

(Filed: March 20, 2018)
_____

Joseph C. Hohenstein
190 N. Independence Mall West
Suite 602
Philadelphia, PA 19106
        *Counsel for Petitioner*

Jefferson B. Sessions, III
Anna Juarez
Anthony J. Messuri
United States Department of Justice
 Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC   20044
        *Counsel for Respondent*
_____

OPINION OF THE COURT
_____

---

[*] Honorable Robert D. Mariani, United States District Court Judge for the Middle District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

This immigration case raises a single question: whether the petitioner's conviction under New Jersey's Receiving Stolen Property Statute, N.J. Stat. Ann. § 2C:20-7(a), constitutes an "aggravated felony" under the Immigration and Nationality Act ("INA"), 66 Stat. 163, as amended. 8 U.S.C. § 1101(a)(43)(G). We conclude that it does and, accordingly, will deny the petition for review.

## I.    BACKGROUND

Omar Norvil Whylie Lewin, a native and citizen of Jamaica, was admitted to the United States in 1987 as a legal permanent resident. In 2000, Lewin was convicted of receiving stolen property in the third degree, in violation of New Jersey law, N.J. Stat. Ann. § 2C:20-7(a), and was sentenced to five years of probation. Seven years later, following a finding that he violated the terms of his probation, Lewin was resentenced to a term of four years of imprisonment.[1] Another seven years later, Lewin received a

---

[1] Lewin states that his probation violation stemmed from a miscommunication regarding his request to transfer his probation when he moved from New Jersey to Georgia, which resulted in a bench warrant on the 2000 stolen property offense. He alleges "serious defects" in the violation of probation proceedings that resulted in his resentencing. (Opening Br. at 5.) Those allegations are the subject of a collateral attack, pending in the New Jersey Superior Court. *State v. Lewin*, No. A-0713-1671. Lewin filed a motion to hold the present matter in abeyance, pending the resolution of that case, and we denied that motion.

Notice to Appear, charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii)-(iii).

An Immigration Judge ("IJ") concluded that Lewin is removable for having been convicted of an aggravated felony under § 1101(a)(43)(G), based on his 2000 New Jersey conviction for receipt of stolen property and later resentencing, and that the conviction also barred him from relief in the form of cancellation of removal. The IJ therefore pretermitted Lewin's application for cancellation of removal. Lewin then filed a motion for reconsideration, which was denied. His case was ultimately transferred to a second IJ, who adopted the original IJ's conclusions regarding Lewin's removability and ineligibility for cancellation of removal.

Lewin appealed that decision to the Board of Immigration Appeals ("BIA"), arguing that his New Jersey conviction did not categorically constitute an aggravated felony under § 1101(a)(43)(G) and that the IJ had prematurely pretermitted his application for cancellation of removal under 8 U.S.C. § 1229b(a). The BIA affirmed the IJ's decision. It too concluded that, because Lewin's New Jersey receipt of stolen property conviction categorically constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), he is ineligible for cancellation of removal. It thus dismissed Lewin's appeal. He responded with this petition for review.[2]

---

[2] The second IJ also concluded, and the BIA affirmed, that Lewin was ineligible for other forms of relief from removal. Lewin does not contest those determinations in the petition before us.

4

## II.    DISCUSSION[3]

Lewin's petition challenges only the sufficiency of the mens rea element of his New Jersey offense:  he says that the minimum mens rea under New Jersey's § 2C:20-7(a) – "believing that [the property] is probably stolen" – renders that offense insufficient to categorically constitute an aggravated felony under the INA, specifically under § 1101(a)(43)(G).  He argues that, although the BIA properly applied a "strict categorical approach" when determining whether his conviction constituted an aggravated felony under the INA, it reached the wrong result.  (Opening Br. at 7.)

---

[3] The BIA had jurisdiction under 8 U.S.C. § 1103 and 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.  Because the basis for Lewin's removal and the pretermission of cancellation of removal relief is an aggravated felony conviction, our jurisdiction is limited to "constitutional claims or questions of law" raised in his petition.  8 U.S.C. § 1252(a)(2)(D); *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012).

Aggravated felony determinations are questions of law, which, it is said, we review *de novo*, *Mateo v. Att'y Gen.*, 870 F.3d 228, 231 (3d Cir. 2017), subject to *Chevron* deference principles, *Denis v. Att'y Gen.*, 633 F.3d 201, 205-06 (3d Cir. 2011).  *See Denis*, 633 F.3d at 208-09 (stating that *de novo* review is proper in a case involving a pure legal issue as to removability, but that granting deference to the BIA's reasonable interpretation of ambiguous statutory language would also be proper); *see also infra* n.6.  Because the BIA issued its own opinion, we review its decision rather than the IJ's decision.  *Roye*, 693 F.3d at 339.

We apply the categorical approach's element-by-element analysis to determine whether Lewin's New Jersey receiving stolen property conviction "fits" the generic definition of receiving stolen property that is contemplated by the INA under § 1101(a)(43)(G). *Rojas v. Att'y Gen.*, 728 F.3d 203, 214 (3d Cir. 2013); *see also Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (employing categorical approach for aggravated felony determination). Lewin's "actual conduct is irrelevant to the inquiry," and we must "presume that the conviction rested upon nothing more than the least of the acts criminalized under the [New Jersey] statute." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (quotation marks and citation omitted). However, "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Moncrieffe*, 569 U.S. at 191 (citation omitted).

Lewin was convicted of receiving stolen property in the third degree. Following the Model Penal Code's pattern definition, M.P.C. § 223.6, New Jersey defines receiving stolen property as follows: "A person is guilty of theft if he knowingly receives or brings into this State movable property of another knowing that it has been stolen, or believing that it is probably stolen." N.J. Stat. Ann. § 2C:20-7(a).

The INA includes a generic theft offense within its list of specified aggravated felonies, and it requires that, to fit the definition of aggravated felony, the "theft offense (including receipt of stolen property) … [must be one] for which the

term of imprisonment [is] at least one year[.]"[4]   8 U.S.C. § 1101(a)(43)(G).  The INA itself does not define "theft" or "receipt of stolen property," but an accepted generic definition of a "theft offense" is the "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007).

The BIA has issued published decisions interpreting the requisite "criminal intent" inherent in § 1101(a)(43)(G)'s generic receipt of stolen property offense, most recently in *Matter of Deang*, 27 I. & N. Dec. 57 (2017), which post-dated the BIA's decision in Lewin's case.  In *Matter of Deang*, the BIA addressed whether a state statute governing the receipt of certain stolen property (specifically motor vehicles), and providing a minimum mens rea of "reason to believe" the property at issue was stolen, was sufficient to satisfy the criminal intent element of the generic receipt of stolen property offense contemplated by the INA.  Construing the INA's generic offense to include as "a necessary element" an "intent to deprive the owner of his or her property, " *id.* at 59, the BIA concluded that a mens rea amounting only to a "reason to believe" the property was stolen did not satisfy that intent element.  *Id.* at 63.  It said, "[w]e cannot infer that a violator who received property with a 'reason to believe' that the property was stolen (or a similar mens rea) *intended* to deprive the true owner of the rights and benefits of

---

[4] Lewin does not contest the BIA's conclusion that his 2007 resentencing supplied the statutory requirement of a minimum term of imprisonment of at least one year.

7

ownership[,]" because a violator "need not be actually aware" of an item's stolen character; rather, the state need only prove that a person "*should* have been aware" that the property was stolen, based on the circumstances. *Id.* at 59. The BIA then considered other intent elements used in similar federal and state statutes, and it held that "the mens rea of 'knowledge or belief' is an essential element of an aggravated felony receipt of stolen property offense under [§ 1101(a)(43)(G).]"[5] *Id.* at 63.

---

[5] In its opinion, the BIA relied, in part, on its survey of federal and state statutes in place at the time Congress amended the INA to include a "receipt of stolen property" offense. *Id.* at 59-62. It stated that, while "21 jurisdictions … and one [f]ederal statute used the lesser mental state of 'reason to believe' or something similar[,] … 29 [s]tate statutes, 11 [f]ederal statutes, and the Model Penal Code used an elevated standard of 'knowledge or belief' when [§ 1101(a)(43)(G)] was enacted." *Id.* at 62. "[W]hile not dispositive in itself," the BIA viewed its survey as "lend[ing] substantial support to … [the] conclusion that a statute that only requires proof that a violator had a 'reason to believe' that the property received was stolen cannot qualify as an aggravated felony receipt of stolen property offense[.]" *Id.* at 62-63. We express no view on that point, but we do note that the BIA properly categorized New Jersey's receiving stolen property statute as an MPC-patterned offense, with a "knowledge or belief" element, and that it expressly addressed the facial differences between the "knowledge or belief" and "reason to believe" standard used in certain jurisdictions' receipt of stolen property statutes. We therefore reject Lewin's arguments that *Matter of Deang* is irrelevant. *Matter of Deang* is consistent with the BIA's decision in

The government argues that *Matter of Deang* forecloses Lewin's argument that New Jersey's receipt of stolen property statute, with its "knowing ... or believing" mens rea, N.J. Stat. Ann. § 2C:20-7(a), is insufficient to constitute an aggravated felony under the INA. Lewin counters that *Matter of Deang* is not dispositive and that we should not afford it any deference under the principles laid out in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 468 U.S. 837 (1984). While the issue of *Chevron* deference to the BIA's evaluation of criminal statutes in light of the INA has generated some controversy and confusion,[6] we do not need to resolve that issue here. *See*

Lewin's case, and we therefore also reject Lewin's argument that we must remand to the BIA to apply that decision in the first instance.

[6] *See Denis*, 633 F.3d at 207-09 (noting confusion regarding appropriate degree of *Chevron* deference to BIA's aggravated felony interpretations, and discussing cases); *see also Singh v. Ashcroft*, 383 F.3d 144, 151 (3d Cir. 2004) ("Canvassing the dozen aggravated felony cases decided by this Court, one indisputable and surprising pattern emerges: We have never affirmatively deferred to an interpretation by the BIA (or an IJ) of 8 U.S.C. § 1101(a)(43), i.e., of whether the crime at issue constitutes an aggravated felony."). *But see Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004) (stating that the BIA's interpretation of "moral turpitude," as well as its determination of whether the underlying criminal statute satisfies that definition, were entitled to *Chevron* deference); *but see also Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014) (citing *Knapik* and noting that "[w]hile we do not defer

9

*Rojas*, 728 F.3d at 207 (citing *Denis v. Att'y Gen.*, 633 F.3d 201, 208-09 (3d Cir. 2011) (declining to resolve *Chevron* dispute because it would not affect the outcome)). We agree with the BIA's conclusion that the mens rea element of New Jersey's receiving stolen property statute is categorically sufficient to constitute an aggravated felony under § 1101(a)(43)(G). *Cf. De Leon-Reynoso v. Ashcroft*, 293 F.3d

to the BIA's parsing of the elements of the underlying crime, we generally accord deference to the BIA's determination that a certain crime involves moral turpitude when that determination is reasonable[,]" but concluding that unpublished BIA decisions are not entitled to *Chevron* deference though they may constitute persuasive authority (quotation marks and citation omitted)).

We also question whether, in light of its substantial reliance on a survey of other criminal statutes, the BIA's interpretation in *Matter of Deang* of generic theft under the INA's aggravated felony provision reflects the traditional hallmarks of a decision justifying *Chevron* deference. *Cf. Mateo*, 870 F.3d at 231 ("[T]he interpretation of criminal provisions 'is a task outside the BIA's special competence and congressional delegation ... [and] very much a part of this Court's competence[.]'" (quoting *Aguilar v. Att'y Gen.*, 663 F.3d 692, 695 (3d Cir. 2011)); *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (reasoning that "judicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations" (quotation marks omitted)). The question is immaterial, here, however, because we would reach the same decision with or without deference to the BIA's interpretation.

633, 637 (3d Cir. 2002) (rejecting mens rea challenge to similar Pennsylvania receiving stolen property statute, reasoning that "[a]t a minimum, [the petitioner] was convicted of possessing stolen property that he believed probably was stolen, a crime that is barely removed from possessing stolen property with knowledge that it is stolen").

Lewin argues that New Jersey's statute does not meet the generic INA definition because it criminalizes conduct "that would not result in any deprivation (i.e. a mistaken belief in a probable fact that an item was stolen)[,]" but his concern is misplaced. (Opening Br. at 14.) New Jersey law makes it clear that "the State … must prove that the property in question was actually stolen." *State v. Hodde*, 858 A.2d 1126, 1129 (N.J. 2004). So too is his concern that a defendant's "belief" that the property is probably stolen need not be proved beyond a reasonable doubt. "It is well settled that due process requires the State to prove each element of a charged crime beyond a reasonable doubt." *State v. Hill*, 974 A.2d 403, 411 (N.J. 2009); *see also id.* at 418 (stating that "it was the State's exclusive burden to prove, beyond a reasonable doubt" the defendant's mens rea); N.J. Model Crim. Jury Charges §2C:20-7a ("The third element that the State must prove beyond a reasonable doubt is that the defendant either knew that the property had been stolen or believed that it had probably been stolen at the time the defendant received the property … . Mere proof that the property was stolen is not sufficient[.]"). Indeed, that "burden is not only a constitutional mandate, but is also codified in [New Jersey Annotated Statute] 2C:1–13(a)." *State v. Tindell*, 10 A.3d 1203, 1214 (N.J. App. Div. 2011).

11

On its face, the New Jersey statute's language – "knowing that [the property] has been stolen, or believing that it is probably stolen" – refers to a specific defendant's knowledge or belief, and that element must be proved beyond a reasonable doubt. N.J. Stat. Ann. § 2C:20-7(a); *Hill*, 974 A.2d at 411; N.J. Model Crim. Jury Charges §2C:20-7a; *see also De Leon-Reynoso*, 293 F.3d at 636-37 (concluding that "belief that the property probably has been stolen speaks to the specific *defendant's* belief and not the hypothetical *reasonable person*[,]" and noting that "subjective intent is generally inferred from objective facts"). Lewin cites no New Jersey case law to substantiate his concern that New Jersey courts interpret "belief" under any lesser standard. At most, he raises a theoretical challenge, and that is insufficient. *Moncrieffe*, 569 U.S. at 191. We therefore conclude the BIA correctly determined that his conviction under New Jersey law for receiving stolen property constituted an aggravated felony under § 1101(a)(43)(G).[7]

## III.    CONCLUSION

For the foregoing reasons, we will deny Lewin's petition for review.

---

[7] For similar reasons, Lewin's reliance on the rule of lenity fares no better. That rule affords relief only in light of a "grievous ambiguity[,]" *Patel v. Ashcroft*, 294 F.3d 465, 473 n.9 (3d Cir. 2002), *superseded by statute on other grounds as recognized in Kamara v. Att'y Gen.*, 420 F.3d 202, 209 (3d Cir. 2005), and there is none here.